FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

12 APR 10 AM 11:3\`

TAMPA, FLORIDA

LUIS M. HERNANDEZ

    Plaintiff,

v.

Case No.: 8:12 CV-765-T-30AEP

UNITED STATES OF AMERICA and
21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC.,

    Defendant.

_____/

## **COMPLAINT**

COMES NOW the Plaintiff, LUIS M. HERNANDEZ, by and through her undersigned counsel, and sues the Defendant, UNITED STATES OF AMERICA and 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC. Plaintiffs bring this Complaint pursuant to Chapter 768 of the Florida Statutes, the laws of the State of Florida, and the Federal Tort Claims Act and state as follows:

### **PARTIES, JURISDICTION, AND VENUE**

1. This is an action for negligence with damages in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

2. At all times material hereto, Plaintiff, LUIS M. HERNANDEZ, was and is a resident of Hillsborough County, Florida.

3. The Defendant is the United States of America.

4. This Federal District Court has jurisdiction in this cause of action because it is brought pursuant to and in compliance with 28 USC §1346(b), §2401(b), and §2671-2680 et seq..



commonly known as the "Federal Tort Claims Act," which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

5. Venue is proper in this district pursuant to 28 USC §1402(b), as the United States of America is a Defendant and a substantial part of the events giving rise to the claim occurred in this district.

## COMPLIANCE WITH STATUTORY SCHEME

6. This case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 USC §2671-2680, commonly referred to as the "Federal Tort Claims Act" (FTCA). Liability of Defendant is predicated specifically on Title 28 USC §1346(b)(1) and §2674 because the personal injuries and resulting damages of which complaint is made were proximately caused by the negligence of the United States of America through its agency, the United States Postal Service, in Tampa, Hillsborough County, Florida under circumstances where Defendant, if a private person, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of Florida.

7. Plaintiff pleads pursuant to Title 28 USC §2672 and §2675(a) that the claims set forth herein were timely filed with, and presented administratively to the Defendant's agency, United States Postal Service on or about May 4, 2011. True and correct copies of claims and responses are attached hereto and incorporated by reference as Composite Exhibit "A". The Defendant failed to resolve Plaintiff's claims following the statutory six (6) month period. The Defendant's failure to resolve Plaintiff's claims constitutes a denial by the Defendant. This action is filed in the appropriate district court within six (6)

months of the date of said denial. Accordingly, Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the commencement and prosecution of this litigation.

8. The United States Postal Service through operation of the U.S. Mail Delivery System is an agency of the Defendant. Defendant, through its agency, employs workers to deliver and distribute mail utilizing motor vehicles for this purpose. These workers and agents are de-facto federal employees and engage in federal purpose and, therefore, the claim is subject to the FTCA.

## GENERAL FACTS

9. At all times material hereto, Plaintiff, LUIS M. HERNANDEZ, was and is a resident of Hillsborough County, Florida.

10. The automobile crash, occurring on or about July 31, 2010, which is the subject of this lawsuit, occurred on or about Sligh Avenue in Tampa, Hillsborough County, FL.

11. On or about July 31, 2010, Plaintiff, LUIS M. HERNANDEZ, was the driver of a motor vehicle traveling on or about Sligh Avenue in Hillsborough County, Florida when his motor vehicle was struck by a motor vehicle operated by ANTHONY WILLIAM SCHEEL, who failed to observe traffic and/or traffic devices.

12. ANTHONY WILLIAM SCHEEL was an employee of the Defendant, UNITED STATES OF AMERICA, in the course and scope of his job duties with the United States Postal Service.

13. At all times material hereto, ANTHONY WILLIAM SCHEEL, as the operator of a motor vehicle, owed a duty to exercise reasonable and prudent care for the safety of other motorists driving on the roadways of Florida such as Plaintiff, LUIS M. HERNANDEZ.

14. Notwithstanding the duties owed, ANTHONY WILLIAM SCHEEL, failed to operate and maintain his motor vehicle in a safe and controlled manner, which resulted in a collision with the motor vehicle operated by Plaintiff, LUIS M. HERNANDEZ.

## COUNT I - CLAIM AGAINST DEFENDANT, UNITED STATES OF AMERICA FOR NEGLIGENT ENTRUSTMENT (DANGEROUS INSTRUMENTALITY)

12. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth at length herein.

13. At all times material hereto, Defendant, UNITED STATES OF AMERICA, as the owner of the aforementioned motor vehicle, granted permission to ANTHONY WILLIAM SCHEEL, to use said vehicle. Florida's dangerous instrumentality doctrine provides that the owner of a motor vehicle is liable to third persons for injuries caused by the negligent operation or use of a motor vehicle by the person to whom the owner entrusted the vehicle. *See Aurbach v. Galliana,* 753 So.2d 60 (Fla. 2000). The provisions of the Florida dangerous instrumentality doctrine dictate that the Defendant, UNITED STATES OF AMERICA, as owner, is liable for the negligent acts of ANTHONY WILLIAM SCHEEL.

14. At all times material hereto, Defendant, UNITED STATES OF AMERICA, as the owner of the aforementioned motor vehicle, voluntarily entrusted the aforementioned motor

vehicle to ANTHONY WILLIAM SCHEEL.

15. At all times material hereto, Defendant, UNITED STATES OF AMERICA, has a nondelegable obligation to ensure that the aforementioned motor vehicle it owns and entrusts to another, specifically, ANTHONY WILLIAM SCHEEL, is operated safely and maintained properly.

16. As a direct and proximate result of the negligent operation and/or maintenance of the motor vehicle owned by Defendant, UNITED STATES OF AMERICA and operated by ANTHONY WILLIAM SCHEEL, Plaintiff, LUIS M. HERNANDEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing conditions if any, and property damage. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses and impairments in the future. The injuries consist in whole or in part of significant and permanent loss of an important bodily function, permanent injuries within a reasonable degree of medical probability, and a significant permanent scarring or disfigurement.

WHEREFORE, Plaintiff, LUIS M. HERNANDEZ, demands judgment against Defendant, United States of America, for damages in excess of Seventy Five Thousand Dollars ($75,000.00) together with costs of this action, and such further relief as the Court deems proper.

## COUNT II - CLAIM AGAINST DEFENDANT, UNITED STATES OF AMERICA FOR VICARIOUS LIABILITY (EMPLOYEE)

17. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth at length herein.

18. The Defendant, UNITED STATES, as employer of ANTHONY WILLIAM SCHEEL who was in the course and scope of her employment with The United States Postal Service or, in the alternative, was performing duties related to the conduct of his employment with them at the time the vehicle driven was being negligently driven is liable under Florida law.

21. As a direct and proximate result of the negligent operation and/or maintenance of the motor vehicle owned by Defendant, UNITED STATES OF AMERICA and operated by it's employee, ANTHONY WILLIAM SCHEEL, Plaintiff, LUIS M. HERNANDEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing conditions if any, and property damage. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses and impairments in the future. The injuries consist in whole or in part of significant and permanent loss of an important bodily function, permanent injuries within a reasonable degree of medical probability, and a significant permanent scarring or disfigurement.

WHEREFORE, Plaintiff, LUIS M. HERNANDEZ, demands judgment against Defendant, United States of America, for damages in excess of Seventy Five Thousand

Dollars ($75,000.00) together with costs of this action, and such further relief as the Court deems proper.

## COUNT II - CLAIM AGAINST DEFENDANT, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC.

22. Plaintiff re-alleges and incorporates paragraphs 1 through 14 as though fully set forth at length herein.

23. The Defendant, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC., is a corporation in the casualty insurance business, qualified and licensed to do business in the State of Florida, and doing business in Hillsborough County, Florida on or about July 31, 2010.

24. At all times mentioned herein, the Plaintiff, LUIS M. HERNANDEZ, was the driver of a vehicle insured under a policy of insurance by the Defendant, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC., policy number believed to be AIG0667541, copies of which are not available to the Plaintiff. A declaration is attached as Exhibit "B," and is fully incorporated herein as part of this complaint.

23. At all times material hereto, Defendant, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC., issued a policy of automobile insurance coverage, including coverage for protection against uninsured and underinsured motorists, the same being Policy Number AIG0667541, covering Plaintiff, LUIS M. HERNANDEZ. The said policy of insurance insured the vehicle which Plaintiff, LUIS M. HERNANDEZ, was operating at the time of the motor vehicle collision of July 31, 2010 involving the

tortfeasor, ANTHONY WILLIAM SCHEEL, as previously alleged, and further covered Plaintiff, LUIS M. HERNANDEZ, as an insured person, for injuries and damages caused by uninsured and/or underinsured motorists for the accident of July 31, 2010.

24. At all times material hereto, Policy Number AIG0667541, issued by 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC. covering LUIS M. HERNANDEZ, was in full force and effect on July 31, 2010, the date of the subject accident giving rise to this lawsuit.

25. At all times material hereto, the owner and operator of the vehicle at fault for the July 31, 2010 accident did not carry bodily injury liability insurance coverage sufficient to satisfy the damages incurred by Plaintiff, LUIS M. HERNANDEZ, and were therefore "uninsured motorists" within the meaning and intent of Florida Statutes §627.727(3) and the terms of Policy Number AIG0667541 issued by Defendant, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC..

26. As a direct and proximate result of the negligent operation and/or maintenance of the motor vehicle owned by Defendant, UNITED STATES OF AMERICA and operated by Defendant, ANTHONY WILLIAM SCHEEL, Plaintiff, LUIS M. HERNANDEZ, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and/or nursing care and treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing conditions if any, and property damage. The losses are either permanent in nature or continuing and Plaintiff will suffer the losses and impairments in the future. The injuries consist in whole or in part of significant and

permanent loss of an important bodily function, permanent injuries within a reasonable degree of medical probability, and a significant permanent scarring or disfigurement.

27. Based upon the foregoing allegations, Plaintiff, LUIS M. HERNANDEZ, is entitled to recover damages from Defendant, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC., in accordance with the provisions of Florida Statutes §627.727, and the terms of Policy Number AIG0667541.

WHEREFORE, Plaintiff, LUIS M. HERNANDEZ, demands judgement against Defendant, 21ST CENTURY INSURANCE COMPANY OF CALIFORNIA, INC., for compensatory damages, costs and such further relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable by right of jury.

Respectfully Submitted,

*LORENZO & LORENZO, P.A.*

LUIS G. FIGUEROA, B.C.S.
Florida Bar No. 294268
4601 N. Armenia Avenue
Tampa, Florida 33603
TEL: (813) 998-9529
FAX: (813) 998-9329
Attorney for Plaintiff